IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZANNIE J. LOTHARP,              )
                                )
              Petitioner,       )
                                )
      v.                        )    1:20CV199
                                )
UNITED STATES OF AMERICA, et al.,)
                                )
              Respondent.       )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner housed in Orange County, North Carolina, submitted a petition under 28 U.S.C. § 2241 for a writ of habeas corpus. Rule 4(b) of the Rules Governing Section 2254 Proceedings, states in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Rules Governing Section 2254 actions also govern other habeas actions, including those under § 2241. Rule 1(b), Rules Governing Section 2254 Proceedings.

Here, the Petition enumerates thirty-three grounds for relief. Most of the claims are nonsensical and/or based on inapplicable law, including commercial law, maritime law, the rules of civil procedure, the Federal Tort Claims Act, and provisions of the United States Constitution dealing with such a wide array of topics as ambassadors, full faith and credit, the oaths of senators and representatives, slavery, citizenship, and impeachment. Further, as the Court previously informed Petitioner in 1:19CV1029, if he seeks to challenge his

pending criminal charges, he must do so in the pending criminal case through counsel. See also Habersham v. U.S. Marshal Task Force, C/A No. 19-1981-BHH-SVH, 2019 WL 4575392, at *2 (D.S.C. Aug. 13, 2019) (stating "Petitioner's habeas action [under § 2241] is premature and his claims should be presented through counseled motions in his pending criminal proceeding), report and rec. adopted, 2019 WL 4573420 (Sept. 20, 2019). Petitioner's current filing is nothing more than a frivolous attempt to circumvent the normal process in the criminal case which should be dismissed as such.

IT IS THEREFORE RECOMMENDED that the Petition filed pursuant to 28 U.S.C. § 2241 be denied and that judgment be entered dismissing the action.

This, the 19th day of March, 2020.

                                        /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                    **United States Magistrate Judge**